*1350 PROST, Circuit Judge,
concurring.
Our jurisdiction over this case is not disputed, and we all agree that the Fifth Circuit’s transferring the ease to this court was appropriate. Judge O’Malley’s concurrence, however, uses this case as a vehicle to criticize this court’s previous decisions which have held that we have jurisdiction over certain patent-related malpractice cases. Respectfully, I am reluctant to weigh in on a question that was not presented in this case and therefore, obviously, never briefed or argued. Nor am I persuaded by Judge O’Malley’s arguments that our case law contradicts Supreme Court precedent. Indeed, the concurrence in the denial of the petition for rehearing en banc in Byrne v. Wood, 676 F.3d 1024, 1025-28 (Fed.Cir.2012) (Dyk, J. concurring), discussed at length why our case law comports with Supreme Court precedent. In particular, it observed that the “substantive patent law issues” implicated in these patent-based malpractice cases “necessarily make[ ] the issues ‘substantial’ within the meaning of Christian-son [v. Colt Industries Operating Corp.], 486 U.S. [800,] 809 [108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ], and indicate[ ] a ‘serious federal interest’ in federal adjudication within the meaning of Grable & Sons Metal Prods., Inc. v. Dane Eng’g & Mfg., 545 U.S. 308, 313 [125 S.Ct. 2363, 162 L.Ed.2d 257] (2005).” Id. at 1026.